UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DON MERCELEANY R. MAXWELL/G-DOFFEE       PLAINTIFF
ADC #108778

V.                    No. 5:19-cv-00225-BSM-JTR

MELVIN J. WOOTEN, Sergeant,
Arkansas Department of Correction,
Maximum Security Unit, *et al.*                DEFENDANTS

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of the Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Don Merceleany R. Maxwell/G-Doffee ("Maxwell/G-Doffee"), a prisoner in the Maximum Security Unit of the Arkansas Division of Correction ("ADC"), filed this *pro se* § 1983 action alleging that his constitutional rights were

violated.[1] *Docs. 2 & 5*. After screening, the Court permitted Maxwell/G-Doffee to proceed with his retaliation claims against Defendants Melvin J. Wooten ("Wooten"), Felicia Bentley ("Bentley"), and an unidentified Doe Defendant ("Doe"). All of Maxwell/G-Doffee's other claims were dismissed, without prejudice, for failing to state a claim upon which relief could be granted. *Doc. 13 at 20*; *Doc. 17 at 1*.

On April 22, 2021, I recommended that Wooten's Motion for Summary Judgment (*Doc. 28*) be granted because Maxwell/G-Doffee had failed to properly exhaust his administrative remedies on his claims against Wooten. *Doc. 54*. I also suggested that Maxwell/G-Doffee's claims against Doe be dismissed, without prejudice, because Maxwell/G-Doffee failed to identify and provide a valid service address for Doe, within the time provided to do so. *Id. at 9-10*.

On May 28, 2021, Judge Miller adopted my Recommendation, granted Wooten's Motion for Summary Judgment, and dismissed all of Maxwell/G-Doffee's claims against Wooten and Doe, without prejudice. *Doc. 61*. Thereafter, Maxwell/G-Doffee's only remaining claim was a retaliation claim against Bentley.[2]

---

[1] Maxwell/G-Doffee is now incarcerated in the ADC's Cummins Unit. *Doc. 55*.
[2] Maxwell/G-Doffee belatedly and erroneously argues that Defendant Wooten was "terminated as a defendant by mistake," and his retaliation claim against Wooten remains pending. On May 28, 2021, Judge Miller granted Wooten's Motion for Summary Judgment on the issue of exhaustion and dismissed *all* of Maxwell/G-Doffee's claims against Wooten, without prejudice. *Doc. 61*. Thus, the Court need not address Maxwell/G-Doffee's attempt to resurrect his retaliation claim against Wooten.

On October 19, 2021, Bentley filed a Motion for Summary Judgment, Brief in Support, an Amended Brief in Support, and a Statement of Undisputed Facts. *Docs. 66-69*. In support of Bentley's Motion she attached her Declaration (*Doc. 66-1*), a copy of Maxwell/G-Doffee's deposition (*Doc. 66-2*), and a copy of Maxwell/G-Doffee's Discovery Responses (*Doc. 66-3*).

On November 26, 2021, Maxwell/G-Doffee filed a Response, Brief in Opposition, Statement of Disputed Facts, and his own Declaration. *Docs. 72-75*. Thus, the legal issues raised in these Motions for Summary Judgment are joined and ready for disposition.[3]

## II. Discussion

Maxwell/G-Doffee alleges that Bentley, an ADC program specialist who was responsible for processing and reviewing Step Two grievances, arbitrarily rejected Grievance MX-19-0380 as "frivolous or vexatious" in retaliation for Maxwell/G-Doffee suing her in a prior § 1983 action.[4] *Doc. 2 at 13-14*. He contends that Bentley

---

[3] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

[4] The Court's records show that Maxwell/G-Doffee named Bentley as a Defendant in two prior § 1983 cases. *Maxwell/G-Doffee v. Jackson, et al.*, No. 5:17-cv-248-KGB-JJV; and *Maxwell/G-Doffee v. Barnes, et al.*, No. 5:17-cv-259-KGB-BD. His retaliation claim specifically refers to his prior claim against Bentley in Case No. 5:17-cv-259-KGB-BD. *Doc. 2 at 13-14*.

arbitrarily rejected of his grievances as frivolous, as a way of "manufacturing a failure to exhaust administrative remedy defense," to shield her and other ADC employees from his future § 1983 actions against them. *Id at 14-15*. Maxwell/G-Doffee further alleges that Bentley has a history of rejecting his grievances as frivolous, citing Grievances MX-19-319, MX-18-288, and MX-18-401. *Id.*[5]

In her summary judgment papers, Bentley asserts that she rejected the grievances in question solely because, on their face, they were each frivolous. She asserts she did not reject those grievances to retaliate for Maxwell/G-Doffee suing her in 2017, and points out that, since the filing of that lawsuit in 2017, most of his grievances she reviewed were *not* rejected as frivolous. *Doc. 68 at 2-3*. Finally, Bentley notes that she was *not* the final decision-maker on any of the grievances she rejected as frivolous, and in all of those instances, Maxwell/G-Doffee had the opportunity to appeal her decision to the Deputy Director. *Id*.

### A. Undisputed Material Facts

The undisputed material facts relevant to Maxwell/G-Doffee's retaliation claim against Bentley are set forth below.

1.   In 2007, Maxwell/G-Doffee was convicted of felony firearms charges

---

[5] The Court has previously dismissed Maxwell/G-Doffee's due process and access to the court claims against Bentley because they did not state a claim. *Doc. 13 at 20*; *Doc. 17 at 1*. Accordingly, those claims are no longer a part of this action and have nothing to do with the grievances that Bentley rejected because they raised frivolous matters.

in Circuit Court. He was sentenced, as a habitual offender, to life imprisonment. *See* ADC Inmate Search, https://apps.ark.org/inmate_info/search.php (last visited May 31, 2022).

2.  Bentley is a former Program Specialist and Administrative Specialist III with the ADC.[6] In those positions, she was responsible for processing and reviewing Step Two level grievances. *Doc. 66-1 at 1*.

3.  In 2017, Maxwell/G-Doffee filed a lawsuit against Bentley and others. Among other things, he alleged Bentley and other defendants retaliated against him, by keeping him in isolation, after he wrote grievances against them, and refused to confess to a crime he claims he did not commit. *Doc. 66-2 at 6; 66-1 at 1*.

4.  On February 1, 2018, Maxwell/G-Doffee filed the first informal resolution giving rise to the retaliatory grievances claim he is asserting against Bentley. This informal resolution stated the following:

> This is to & concerns Ark. Dept. of Corr. (A.D.C. this forward), Max. Sec. Unit (M.S.U. this forward) Warden Culclager, Assist. Warden Ball; B/M J. Doe Major (called Medcalf); dept. Assist. Dir. Dexter Payne & Wendy Kelly Dir. Of A.D.C. This is in regards to the Inmate visitation policy, Admin. Director 2014-24, p.3 being circumvented at M.S.U. by above etc. staff & such is deliberate indifference to my right to be protected a known substantial threat of rick of harm to me. In May 2006 I was almost killed by my co-defendant B/F parolee Princess Smith 709600, who put a loaded gun to my head & threatened to kill me if I ever told about her shooting Mr. D. Kelso. Since B/F parolee P. Smith 709600 release she has attempted to by visiting other male inmates & trying to pay or encourage that inmate to act as a contract

---

[6] Bentley is currently employed as an investigator for the Parole Board. *Doc. 66-1 at 1*.

5

> killer in her behalf. This causes inmates in barrack surrounding me to provoke gang violence or attacks against me. I am asking parolee P. Smith 709600 not be allowed to visit at any housing unit where I'm sentenced to life plus 235 years. A lawsuit was already filed against last Warden & Administration & court ask I notify administration of the problem first, before filing federal lawsuit, (kindly cited).

*Doc. 2 at 40*.

5. On February 12, 2018, Bentley rejected Grievance MX-18-00288 as "frivolous or vexatious." *Id. at 41*.

6. Maxwell/G-Doffee appealed to Step Three. After reviewing the appeal and supporting documentation, the Deputy Director "concur[red] with the unit's decision to reject [Maxwell/G-Doffee's] grievance," and denied the appeal of MX-18-00288, on procedural grounds. *Id. at 42*.

7. In an informal resolution, dated February 25, 2018, Maxwell/G-Doffee raised the following concerns:

> After voicing concerns for my life & safety related to my co-defendant parolee Princess Michelle Smith/'G'-Doffee #709600 release from A.D.C. Female's Unit; I was told in a written response of visitation Clerk/Supervisor Ms. Amanda Hickerson that parolee P. Michelle Smith/'G'-Doffee 709600 could not come to this unit & visit anyone (or R. Smith 131184), because no one under that name, D.O.B. S.S.#, was on a inmate at M.S. U. approved visitation list. However, on Feb. 24, 2018 at approx. 10:20 am. I heard several inmates say: "Princess in the parking lot getting ready to come in to visit Rick." I did observe parolee P.M. Smith 709600 in jeans & matching shirt come down sidewalk & enter in front entrance of building & remain (approx. over 45 min.). Afterwards, later that day several inmates made gang threats to harm or kill me, my family, for Princess (because I won't plead guilty to a 2006 shooting she did!). & several arguments between other inmates saying Princess say he ('G'-Doffee) gone confess!," "Not if he

6

didn't shoot," other inmates stated. This is a failure to protect me by Warden Culclager, Warden Assist. Ball, & A. Hickerson allowing somebody who tried to kill me (& trying to now), onto M.S.U. grounds as deliberate indifference.

*Id.* at 43.

8. The Step One response advised Maxwell/G-Doffee that: "No one by the name of or ADC # 709600 P.M. Smith came to this unit to visit on 2/24/18." *Id*.

9. Unsatisfied, Maxwell/G-Doffee submitted a Step Two Grievance, which was designated MX-18-00401. *Id. at 43-44*.

10. Bentley, the Step Two decision maker, rejected Grievance MX-18-00401 as "frivolous or vexatious." *Id. at 44*.

11. In his Step Three appeal, Maxwell/G-Doffee complained that Bentley's decision to reject MX-18-00401 was in retaliation for the lawsuit he initiated against her in 2017—not because his rambling and far-fetched complaints were facially "frivolous or vexatious:"

> This is a matter of safety & security. F. Bentley is retaliating/reprisaling assigning my inmate grievance frivolous or vexatious in retaliation for me naming F. Bentley in a Federal Lawsuit as a Defendant. Just because that, F. Bentley is being deliberate indifferenced to my safety and wants me hurt, so F. Bentley won't let the warden act at Unit Level to protect me."

*Id.*[7]

---

[7] Because the record does not contain any mention of Maxwell/G-Doffee filing a separate grievance raising this retaliatory disciplinary claim, it seems unlikely he properly exhausted this retaliatory claim against Bentley.

7

12. On March 12, 2018, the Deputy Director rejected Maxwell/G-Doffee's Step Three appeal as frivolous. *Id. at 45*.

13. In Grievance MX-19-00319, dated February 28, 2019, Maxwell/G-Doffee stated:

> Yes, OJT/CO-1 B/F Harris is actually being deliberate indifferent to as conspiring to be deliberate indifferent to my safety (violation 42 U.C.S. § 1986 & § 1987). I am being treated less favorable by CO-1 B/F (OJT [day shift]) based on the color of my (American spalato raced peoples') skin not being dark black (ii) the fact I am from Little Rock & not DEEP SOUTH resident with lawsuits on Deep South staff. On Feb. 19, 2019 I clearly over heard CO-1 B/F/ Harris (day shift) tell inmate W. Davis of 214 cell (dark black/deep south inmate) & inmate J. Doe they were her CO-1 Harris pimps and dady. (violating [Admin. Reg. 210, Rel. & Trans. with inm. Effective Date: 6-5-20, p.1eg. I.. and II. Expenation: 1.a, No trade barter, transmit mass]). In which me and L.R. based inmates, etc. discussed such conduct of OJT B/F Harris needs further training at the A.D.C. Officers Academy. In reprisal OJT/Sgt. Harris encouraged DEEP SOUTH inmates to stand in floor and threat they would attack me/stab me; (cause I'm not dark black race or from Deep South. Since on Feb. 20, 2019 Sgt Harris verbally abused me in front entire barracks saying, she was the same as P. Smith (my co-defendant), I have fever blisters on my face, and she would have E.J. or first tier W. Davis 414, or other Dumas-South Ark cities stab and/or attack me from being from L.R. and litigation activities. This less favorable cause I am Class I-C and follow rules and she ordered/encourages me hurt & [indecipherable].

*Doc. 2 at 37*.

14. Bentley rejected Grievance MX-19-00319 as "frivolous or vexatious." *Id. at 38*.

15. Although Maxwell/G-Doffee did not file a separate grievance stating a retaliation claim against Bentely, as he was required to do, he sought to raise the issue in his Step Three appeal to the Deputy Director:

> This grievance has merit & is not falsified or wrote to provoke or agitate altercation. The assigning this grievance as such by F. Bentley is because F. Bentley is a defendant in a federal lawsuit & became such after grievance named her. So to prevent a federal suit in future against this grievance named staff F. Bentley thinks assigning my grievance REJECT will stop a lawsuit & retaliates on me for suing her. id (U.S. Dist. Ct. 5:17-cv-00259).

*Id.*

16. On March 28, 2019, the Deputy Director affirmed Bentley's decision to reject MX-19-00319 "as being frivolous": "After review of your appeal and supporting documentation, I find that Sgt. Harris has denied your allegations of being verbally abused by her. Your appeal is denied without merit. Appeal denied." *Id.* at 39.

17. Maxwell/G-Doffee filed Grievance MX-19-0380, on March 18, 2019, stating:

> Yes in violation of my 14th Amend. U.S. Const. rights etc. 1rst Amend., I am being treated less favorable by CO-II Wooten retaliating on me for litigation activity (1) federal lawsuit 5:17-cv-00259; [Disciplinary Appeal Max. Sec. Unit 12/4/2018)]. I was retaliated against by CO-II Wooten attempt to impede my access to court November 14, 2018, when I had a filing court date deadline Nov. 14, 2018, when I had a filing court date deadline Nov. 15, 2018. id. (disciplinary appeal 12/4/2018). I was wrote a Major disciplinary on 11/14/2018 by CO-II Wooten for failure to work, found guilty, but reversed Dec. 2018. Because my speech in disciplinary appeal

> 12/4/2018 CO-II Wooten since & on 3/16/2019 RETALIATED/ reprisal i.) verbally abusing me that he took my Christmas & Christmas Feed by disciplinary, that I'm to skinny to be a ladys man like inmate F. Barnes; ii.) & treating me less favorable then isolation Barbra inmate F. Barnes, all on 3/16/2019. I was treated less favorable when inmate F. Barnes took a shave list and left iso. without shaving, & no disciplinary was wrote, but CO-II Wooten wrote me up on Nov. 14, 2018 for something. I & inmate F. Barnes are both Class1-C & assigned isolation area work detail. Simply cause my litigant activity & Rel. faith (B.I.G.) that Feast for Jesus birthday CO-II Wooten punished me; & verbally abuses me.

*Doc. 2 at 34-35*.

18. At Step Two, Bentley reviewed and rejected Grievance MS-19-0380 as "frivolous or vexatious." *Id. at 35*.

19. On March 22, 2019, Maxwell/G-Doffee appealed Bentley's Step Two rejection of MX-19-0380, noting that Bentley was currently a defendant in his pending § 1983 action and asserting that her rejection of the grievance as frivolous was "simply her way of REPRISAL for the grievances filed against her in [Case No. 5:17-cv-00259-KGB]." *Id.*

20. At Step Three, Bentley's decision was affirmed by the Deputy Director, who returned the Step Three appeal to Maxwell/G-Doffee noting that it was rejected as "frivolous." *Id. at 36*.[8]

---

[8] In granting Wooten's Motion for Summary Judgment on the issue of exhaustion, I was required to consider the claims Maxwell/G-Doffee raised in MX-19-0380. I concluded that, on the face of Maxwell/G-Doffee's broad, conclusory, and hard to comprehend allegations, his retaliation claim appeared to be frivolous:

> Simply put, no reasonable decision-maker could construe [Defendant Wooten's] alleged claims of retaliation [in Grievance MX-19-0380] as being anything other

10

21. On March 22, 2019, Maxwell/G-Doffee filed a Step One Informal Resolution complaining that Bentley rejected MX-19-0380 as "frivolous or vexatious" in retaliation for the pending lawsuit he filed against her in 2017. *Id. at 46*. That Informal Resolution stated:

> Yes I am being REPRISALED against & Retaliated against in violation my 1st & 14th amend. U.S. const. rights. In 2015, all my approved family etc. numbers on my call list was gave to another inmate by F. Bentley. Id. (MX-15-2103; MX-15-2303). After I filed grievance, F. Bentley reprisaled by assigning me 23-hour a day lock down for approx. 270 days without meaningful review, in which Federal Court lawsuit for $27 thousand was initiated naming F. Bentley defendant in case 5:17-cv-00259. Id. (inmate Grievance MX-17-02242).
> Since F. Bentley continues to Reprisal/retaliate against me by assigning my Step Two submitted informal resolution forms REJECTED/Frivolous or vexatious intentionally & without cause…so my ability to seek federal court review can be impeded by a FALSE failure to exhaust admin. remedy defense. F. Bentley did so March 19, 2019 in grievance MX-19-00380. I have a const. amend. Right to not be treated less favorable than others (inmates) similarly situated as me. Cit (City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed. 2d. 313 (1985)). Thus my complaint is not vexatious or frivolous without the warden first looking into it. What

---

than frivolous.
At Step Two, Defendant Bentley correctly labelled Maxwell's allegations of "retaliation" in MX-19-0380 as "frivolous" and denied the grievance based on that procedural defect. At Step Three, her decision was affirmed by the Deputy Director. In Short, Maxwell's grievance attempts to make a mountain out of a mole hill by labelling as "retaliatory" Wooten's passing remark that Maxwell was "too skinny" to be a "ladies man" and Wooten's decision not to issue Barnes a disciplinary for "not shaving." On their face, both of those claims were frivolous and insufficient to justify any investigation of their merits so that appropriate administrative corrective action might be taken against Wooten. Because Maxwell's claims of retaliation were rejected on procedural grounds, he failed to exhaust his administrative remedies on the merits.

*Doc. 54 at 7-8* (citation omitted).

11

      F. Bentley denied me in REPRISAL.

*Id.*

    22.    The Step One response stated: "All Grievances are processed in accordance with AD-14-16." *Id*.

    23.    Maxwell/G-Doffee timely submitted his Step Two Formal Grievance, which became Grievance MX-19-00421. *Id.*

    24.    On March 28, 2019, MX-19-00421 was acknowledged by Administrative Specialist Tiffanie K. Vanzandt who informed Maxwell/G-Doffee that the grievance would "be addressed by the Warden/Center Supervisor or designee" by April 25, 2019. *Id. at 46-47*.

    25.    On April 2, 2019, Warden Culclager issued his decision rejecting this grievance:

> According to Mrs. Tucker, grievances are processed by the Maximum Security Unit Grievance office upon receipt and in accordance with the AD 14-16 Inmate Grievance Procedure. AD 14-16 dictates that if an inmate is not satisfied with the unit level rejection of a grievance or the Warden's response, he may appeal the grievance within five (5) working days to the appropriate Chief Deputy/Deputy/Assistant Director who will attempt to resolve the matter or assign an appropriate staff member to do so. Therefore, I find this grievance without merit.

*Id. at 48*.

    26.    Maxwell/G-Doffee appealed this decision to Step Three. On April 18, 2019, the Deputy Director affirmed the Warden's decision denying the grievance:

> Your appeal was received on April 15, 2019. After review of your

appeal and supporting documentation, I find that I concur with the Warden's decision. Your appeal is without merit. Appeal denied.

*Id. at 50*.

27. Thus, MX-19-00421, which specifically asserted a retaliation claim against Bentley for her allegedly rejecting MX-19-0380 as "frivolous or vexatious" was reviewed, considered, and denied, on the merits, by the Maximum Security Unit Warden at Step Two and the Deputy Director at Step Three. *Importantly, Bentley had no role or involvement in deciding MX-19-00421. Id*.

28. Between 2017 and 2019, the applicable ADC inmate grievance policy is set forth in Administrative Directive 14-16 ("AD 14-16"). This policy states that a prisoner's frivolous or vexatious use of the grievance procedure will result in a grievance being rejected and returned to an inmate. *AD 14-16 § IV(J)(2)(a)*. It goes on to provide that a grievance "is frivolous when it is clearly insufficient on its face to allege an issue or concern and is readily recognizable as devoid of merit and insufficient for resolution or appeal." *Id. at § IV(J)(2)(b)*.

29. Maxwell/G-Doffee acknowledges he "file[s] grievances frequently." *Doc. 66-2 at 14*.

30. At the time Bentley rejected Grievances MX-18-0288, MX-18-0401, MX-19-0319, and MX-0380 as "frivolous or vexatious," Maxwell/G-Doffee's 2017 lawsuit was still pending against her.

31. In addition to the four grievances discussed above, which Bentley

13

rejected as frivolous, Maxwell/G-Doffee estimates there are "maybe five [to] ten" other grievances he filed, *after* he initiated the 2017 § 1983 lawsuit naming Bentley as a Defendant, which she did *not* reject as frivolous. *Doc. Id.*

### B. Analysis of Maxwell/G-Doffee's Retaliation Claims Against Bentley

To support his retaliation claim against Bentley, Maxwell/G-Doffee must demonstrate that: (1) he engaged in constitutionally protected activity; (2) Bentley took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was Bentley's actual motivating factor in taking those adverse actions. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Maxwell/G-Doffee seems to be under the mistaken impression that, because he filed a § 1983 action against Bentley and other defendants, in 2017, any subsequent adverse decisions she made, as the Step Two decision-maker on the four grievances in question (MX-18-0288, MX-18-0401, MX-19-0319, and MX-19-0380) were tainted by a "retaliatory motivation." To the contrary, he has a "heavy evidentiary burden" to establish that retaliation was the actual motivating factor for Bentley's decisions. "Merely alleging that an act was retaliatory is insufficient." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). The Eighth Circuit has repeatedly held that a prisoner's speculative or conclusory allegations are not sufficient to establish a retaliation claim. *Cooper v. Schriro*, 189

F.3d 781, 784 (8th Cir. 1999); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). Instead, to avoid summary judgment, Maxwell/G-Doffee must present "affirmative evidence of a retaliatory motive." *Lewis*, 486 F.3d at 1029; *Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir. 2006); *see also Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (prisoner's allegation that he "believed" the defendant acted "in retaliation for his grievances" was insufficient to state a claim); *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987) ("broad and conclusory" allegations of retaliation are not sufficient to support a § 1983 claim).

Here, other than his own self-serving speculation about Bentley's motives, Maxwell/G-Doffee has failed to present *any evidence* that retaliation was the actual motivating factor for Bentley rejecting his grievances as frivolous. *Aunforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010) (self-serving allegations and denials are insufficient to create a genuine issue of material fact). Maxwell/G-Doffee's own sworn Declaration (*Doc. 75*) *does not even mention Bentley* or any of her alleged retaliatory actions. Similarly, the sworn Declaration of inmate Barry Turner ("Turner"), which Maxwell/G-Doffee attached to his Response in opposition to Bentley's Motion for Summary Judgment, also fails to mention Bentley or attribute any retaliatory motive to her. *Doc. 72 at 29*. Rather, while Turner declares he "overheard members of the classification committee discussing inmate Maxwell/G-Doffee," and "not want[ing] inmate Maxwell/G-Doffee released from Ad/Seg," he

15

specifically attributes the statements to other specified individuals and *not* to Bentley. *Id*.

Finally, Maxwell/G-Doffee seems to be oblivious to the facially "frivolous" nature of the complaints he was raising in those grievances. No reasonable Step Two decision-maker could have concluded that Maxwell/G-Doffee's complaints in those grievances were anything except clearly "frivolous or vexatious" complaints, just as Bentley did.[9]

### III. Conclusion

Maxwell/G-Doffee has failed to present any evidence to show that Bentley acted with retaliatory intent, in rejecting his relevant grievances because his claims were "frivolous or vexatious." Because the undisputed material facts establish that Bentley properly and correctly resolved those grievances, with no evidence the motivating factor for her decisions was retaliation, her Motion for Summary Judgment should be granted.

IT IS THEREFORE RECOMMENDED THAT Bentley's Motion for Summary Judgment (*Doc. 66*) be GRANTED, all of Maxwell/G-Doffee's claims

---

[9] As previously noted, none of the complaints in those four grievances involved Bentley. Thus, his only basis for believing Bentley was retaliating against him was the lawsuit he filed against her in 2017 on claims that were ultimately dismissed. That is far too narrow a reed to support Maxwell/G-Doffee's retaliation claim against Bentley.

against Bentley be DISMISSED, WITH PREJUDICE, and this case, in its entirety, be TERMINATED.

DATED this 13th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE